UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERNAN MORENO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-CV-0081 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE SCHWAB) |
| THE EYE CENTER, ET AL., | : | |
| Defendants | : | |

FILED
SCRANTON
JUL 17 2014
PER _____
DEPUTY CLERK

**MEMORANDUM**

On December 31, 2013, Plaintiff, Hernan Moreno, filed a pro se complaint alleging medical malpractice and lack of informed consent related to an eye surgery performed on November 12, 2004, which left him blind in the right eye. (Doc. 2). On April 29, 2014, Magistrate Judge Susan E. Schwab issued a Report and Recommendation ("R&R") discussing the merits of the claims, concluding that Plaintiff failed to state a claim, and recommending that he be granted leave to file an amended complaint. (Doc. 11). In leu of filing objections to the R&R, Plaintiff filed an amended complaint on May 15, 2014. (Doc. 123). For the reasons set forth below, the R&R will not be adopted; rather, the complaint and amended complaint will be dismissed with prejudice as barred by the applicable statute of limitations.

**Standard of Review- R&R**

When neither party objects to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Standard of Review- Proceedings In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, the court may review an in forma pauperis complaint prior to service and "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e) (2)(B)(ii); (Doc. 11, p. 4). Moreover, "[i]f the

allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." LeBlanc v. Snavely, 453 Fed. Appx. 140, 141 (3d Cir. 2011), citing Jones v. Bock, 549 U.S. 199, 215 (2007). "A United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had." Eaves v. Sholek, 2013 U.S. Dist. LEXIS 130479, *9 (W.D. Pa. 2013) (citing Mumma v. High-Spec, 400 F. Appx. 629, 631 n.1 (3d Cir. 2010)), adopted by 2013 U.S. Dist. LEXIS 130317 (W.D. Pa. 2013) (dismissing the complaint on screening as barred by the applicable statute of limitations). See also LeBlanc, 453 Fed. Appx. at 141 (stating that where the statute of limitations "defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim").

**Background**

On July 6, 2007, Plaintiff filed a complaint in this District pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 at seq., against the United States of America, alleging inadequate medical care related to a YAG procedure on

November 12, 2004. See Moreno v. Hertzell, et al., 4:07-cv-1225 (M.D. Pa. July 6, 2007) (McClure, J.) at (Doc. 1). He alleged that the optical laser procedure, performed by Dr. Hartzell and Dr. Hilliker, left him blind in the right eye. Id. Following two years of litigation, on August 5, 2009, Defendant's motion for summary judgment was granted and the case was closed. Id. at (Docs. 40-42). It was determined, inter alia, that the United States was not liable for the purported negligence, i.e. medical malpractice, of Dr. Hartzell and Dr. Hilliker because they were third party contractors. Id. at (Doc. 40, pp. 12-15). Alternatively, it was concluded that Plaintiff failed to file a certificate of merit to support his medical malpractice claim. Id. at (Doc. 40, p. 15 n.3). As to Plaintiff's claim that the doctors breached their contract duties and should have sent an interpreter with him to appointments, the Court decided that there was "no evidence in the record that the independent contractors felt that they needed an interpreter to communicate with the plaintiff or that they communicated anything of that nature to the BOP." Id. at (Doc. 40, p. 16). The entry of summary judgment in favor of the United States was affirmed on July 14, 2010, by the Third Circuit Court of Appeals. Id. at (Doc. 45).

Plaintiff, who is currently confined in the Ottsville Federal Correctional Institution, initiated the instant action by filing a complaint on December 31, 2013,

in the Southern District of New York. (Doc. 2). The action was transferred to this Court on January 15, 2014. See (Doc. 4). The complaint is based on the same November 12, 2004, YAG procedure performed by Dr. Hilliker and Dr. Hartzell that was the subject of his 2007 tort claim. (Id.). Named as Defendants are Jan Hilliker, M.D., Scott Hartzell, M.D., and The Eye Center, whose primary place of business is in Lewisburg, Pennsylvania. (Id.). Plaintiff alleges that due to Defendants' professional negligence, he suffered permanent blindness in his right eye. (Id.). He asserts claims of medical malpractice and lack of informed consent. (Id.). An application for leave to proceed in forma pauperis was submitted on February 8, 2014. (Doc. 7). See also (Doc. 1).

Screening the complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Schwab issued an R&R outlining a court's screening duties and the applicable standard of review. (Doc. 11, pp. 3-5). The R&R addresses the merits of Plaintiff's state law tort claims and corporate negligence theory of liability. (Id. at pp. 6-11). The Magistrate Judge concludes that the complaint fails to state a claim, but finds that Plaintiff should be granted leave to file an amended complaint. (Id. at pp. 5-11), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002) (explaining that "inadequate complaints should be dismissed without granting leave to amend only if amendment would be

5

inequitable or futile").

Plaintiff did not file objections to the R&R; instead, he submitted an amended complaint elaborating on his claims for relief. (Doc. 12).

**Discussion**

The Magistrate Judge, recognizing that there is a statute of limitations issue, proceeded directly to a merits analysis. The R&R provides:

> I make the recommendations contained herein mindful of the looming statute of limitations issue in addition to Moreno's failure to file certificate of merits on his medical malpractice and informed consent claims against Hartzell and Hillier [sic]. Nevertheless, I leave those issues to be decided for another day, as they have not been determined to be essential elements of said claims for relief.

(Doc. 11, p. 6 n.3).

However, because this Court finds that Plaintiff's complaint is barred by the applicable statute of limitations, consideration of his claims for relief need not be undertaken. See McPherson v. United States, 392 Fed. Appx. 938, 945 (3d Cir. 2010) (affirming the District Court's dismissal of the complaint on screening as time-barred and, therefore, finding no need to decide the remaining issue); Concert v. Omanir, 2010 U.S. Dist. LEXIS 67452, *5 (M.D. Pa. 2010) (Munley, J.) (screening the complaint without analysis of the elements of the civil claims, and concluding that "[b]ecause the statute of limitations bars the plaintiff's causes of

6

action, the court will dismiss the complaint as indisputably meritless").

"Medical malpractice claims are governed by Pennsylvania's two-year statute of limitations." Gaul v. Neurocare Diagnostic, Inc., 2003 U.S. Dist. LEXIS 546, *9-10 (E.D. Pa. 2003), citing 42 Pa.C.S. § 5524(2) (2014). "Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing 'when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct.'" Concert, 2010 U.S. Dist. LEXIS 67452 at *5 (citing Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. 1984)).

Plaintiff alleges that the professional negligence leaving him blind in the right eye happened on November 12, 2004, almost nine (9) years before the instant action was initiated on December 31, 2013. Additionally, this Court takes judicial notice of his prior tort action as evidence that Plaintiff was fully aware of his injuries and those persons allegedly responsible no later than July 6, 2007, more than six (6) years before he filed his complaint. See McPherson v. United States, 392 Fed. Appx. 938, 940 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings); Thorpe v. Nutter, 2014 U.S. Dist. LEXIS 1300, *3 (E.D. Pa. 2014) (dismissing the complaint on screening, without leave to amend, as barred by the applicable statute of limitations because the "plaintiff

knew or should have know of his claims in 1994 and 1995" but "did not file his complaint until December of 2013, more than 15 years after the statute of limitations expired"). Accordingly, as the "statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had," the complaint will be dismissed. See Eaves, 2013 U.S. Dist. LEXIS 130479 at *9. Furthermore, because the action is time-barred, any amendment would be futile. See Claudio v. Johnson, 2012 U.S. Dist. LEXIS 148656, *5 (E.D. Pa. 2012) (concluding that "because plaintiffs' claims are clearly barred by the applicable two-year statute of limitations, amendment would be futile" and therefore refusing to allow leave to amend).

Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

**Date:** July 17, 2014

_____
**United States District Judge**